Frank S. Hedin (Pro Hac Vice Application Forthcoming)
Arun G. Ravindran (Pro Hac Vice Application Forthcoming)
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone:     (305) 357-2107
Facsimile:     (305) 200-8801
E-Mail:        fhedin@hedinllp.com
               aravindran@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:     (801) 322-2002
Facsimile:     (801) 912-0320
E-Mail:        dws@psplawyers.com

Attorneys for Plaintiffs and the Putative Class

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, LLC<br><br>Defendant. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)**<br><br>Case No. 4:23-cv-00118-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff moves for leave to file a First Amended Complaint, and in support states as follows:

**Relief requested:** The Motion seeks an Order permitting the filing of the proposed First Amended Complaint ("FAC") attached hereto as Exhibit A.  A comparison of the operative

Complaint and the proposed First Amended Complaint is attached hereto as Exhibit B.

**Grounds:** Plaintiff initiated this action with the Complaint on December 15, 2024. (ECF No. 1.) On March 1, 2024, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 16.) Having reviewed Defendant's motion to dismiss and engaged in an extensive meet and confer process with Defendant, Plaintiff now seeks leave pursuant to Rule 15(a) to file the attached FAC, which includes additional allegations concerning Defendant's practices of disclosing Plaintiff's and its other customers' nonpublic personal information to third parties and its presence in Utah. Justice plainly requires permitting Plaintiff to make this routine amendment at the outset of the case. *See* Fed. R. Civ. P. 15(a)(2).

## STATEMENT OF FACTS

This is a putative class action which alleges that Defendant violated Utah's Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code Ann. § 13-37-101, *et. seq*. (the "NISNPIA") by renting, selling, exchanging, and otherwise disclosing Nonpublic Personal Information it obtained through its sales of products to Utah consumers without first providing consumers notice required under the NISNPIA statute. On March 1, 2024, Defendant moved to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) on the ground that Plaintiff's claim cannot be maintained as a class action and the Court thus lacks subject matter jurisdiction over this case, and for failure to state a claim pursuant to Rule 12(b)(6) on the grounds that the Complaint fails to adequately allege that Defendant has an office or place of business in Utah or that PCH disclosed Plaintiff's nonpublic personal information to a third party. (ECF No. 16.)

In lieu of opposing Defendant's motion to dismiss, Plaintiff seeks leave to file the attached proposed FAC pursuant to Rule 15(a)(2). The FAC adds factual allegations relevant to the issues raised in Defendant's motion to dismiss.

No case management order has been entered and thus no deadline to amend the pleadings has been set much less expired. Nor has discovery commenced. Under the circumstances, "justice . . . requires" permitting Plaintiff to make the requested amendment pursuant to Rule 15. *See* Fed. R. Civ. P. 15(a)(2). Prior to the filing of the instant Motion, Plaintiff sought but was unable to obtain Defendant's consent to the relief requested herein.

## MEMORANDUM OF LAW

"To safeguard a plaintiff's opportunity to test her claims on the merits, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of the court to amend the pleadings should be freely given when justice requires." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (citing Fed. R. Civ. P. 15(a)). The Rule's purpose is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982). "Thus, the district court's discretion to deny leave in this context is confined to circumstances 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Earles v. Cleveland*, 825 F. App'x 544, 552 (10th Cir. 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, Plaintiff merely seeks leave to allege additional facts concerning Defendant's practices of disclosing Plaintiff's and its other customers' nonpublic personal information to third parties and its presence in Utah – the focus of Defendant's motion to dismiss. Notably, none of

the circumstances capable of warranting denial of leave to amend under Rule 15 – such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," *Forman,* 371 U.S. at 182 – are present here. This is Plaintiff's first request to amend, it comes at the outset of the case, Plaintiff has not unduly delayed (or exhibited any bad faith or dilatory motive) in making it, and Defendant would suffer no prejudice if it is allowed. In fact, no scheduling order has even been entered, no discovery has been undertaken to date, and the amendment does not add any new parties or any new claims.

There is accordingly no basis to deny Plaintiff's modest request to amend under Rule 15. *See Bauchman for Bauchman*, 132 F.3d at 559 (explaining that "a district court must justify its denial of a motion to amend with reasons such as futility of amendment or undue delay") *(*citing *Foman,* 371 U.S. at 182 & *Hom v. Squire,* 81 F.3d 969, 973 (10th Cir. 1996)); *see also, e.g., Techy v. Arete Surgical Centers, LLC*, No. 22-CV-02143-DDD-KLM, 2023 WL 9104781, at *2 (D. Colo. May 18, 2023); *Cvent, Inc. v. RainFocus, Inc.*, No. 217CV00230RJSDBP, 2018 WL 4290399, at *2 (D. Utah Sept. 7, 2018).

## CONCLUSION

For the foregoing reasons, the Motion should be granted, Plaintiff should be granted leave to file the proposed FAC, and the pending motion to dismiss should be denied as moot.

Dated: April 12, 2024   Respectfully submitted,
**PETERS | SCOFIELD**
*A Professional Corporation*
/s/ David W. Scofield
DAVID W. SCOFIELD
**HEDIN LLP**
Frank S. Hedin (Pro Hac Vice Application Forthcoming)
Arun G. Ravindran (Pro Hac Vice Application Forthcoming)
*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused the foregoing to be filed with the Court through its CM/ECF system, this 12th day of April, 2024, which will serve copies hereof electronically on the following counsel registered for CM/ECF notification:

Phillip S. Ferguson—Phillip.ferguson@chrisjen.com

Cassie D. Collignon – ccollignon@bakerlaw.com

Robyn Feldstein – rfeldstein@bakerlaw.com

/s/ David W. Scofield