Phillip S. Ferguson (#1063)
**CHRISTENSEN & JENSEN, P.C.**
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
T: 801.323.5000
F: 866.554-5492
Phillip.ferguson@chrisjen.com

Casie Collignon
**BAKER & HOSTETLER LLP**
1801 California St., Suite 4400
Denver, CO 80202
T: 303.861.0600
F: 303.861.7805
ccollignon@bakerlaw.com

Robyn Feldstein
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
T: 212.589.4200
F: 212.589.4201
rfeldstein@bakerlaw.com

*Attorneys for Defendant*
*Publishers Clearing House, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>                Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)**<br><br>Civil No. 4:23-cv-00118-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Kohler |

Defendant Publishers Clearing House, Inc. ("PCH") hereby files its Response to Plaintiff's

Motion for Leave to File First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a), (the

"Motion").

Fed. R. Civ. P. 15 allows for a party to amend a complaint "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc…." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). In this case, PCH does not assert that Plaintiff has acted with undue delay; however, PCH does assert that Plaintiff is acting in bad faith.

This case revolves around allegations that PCH violated a single Utah state statute that only applies to commercial entities that: "(i) ha[ve] an office or other place of business located in [Utah]; *and* (ii) in the ordinary course of business transact[] a consumer transaction in [Utah]." Utah Code Ann. § 13-37-102(2)(a) ("NISNPIA"). Here, Plaintiff cannot allege that PCH has an office in Utah because it does not. Instead, Plaintiff's original Complaint merely alleged that PCH has a registered agent with an office in Utah. *See* Compl. ¶ 9 ("Defendant Publishers Clearing House, LLC is a New York corporation that maintains its headquarters and principal place of business in Jericho, New York and, through its registered agent, maintains an office in Utah at 1108 E South Union Ave., Midvale, Utah 84047.") Now, after seeing PCH's Motion to Dismiss, which makes clear that the office of a registered agent (which is required for out-of-state businesses that do not have a real office in the state) cannot satisfy NISNPIA's office requirement, Plaintiff wants to amend his Complaint using mere word play in an effort to create a question of fact, where he knows none exists.

Specifically, Plaintiff wants leave to amend his Complaint to allege that "PCH has **at least** one office or other place of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by PCH's registered agent on PCH's behalf)."

[PFAC, Dkt 21-1, ¶17] (emphasis added).  During the meet and confer process, PCH specifically demanded Plaintiff's good faith factual basis to make this allegation.  PCH also offered to provide a sworn affidavit that PCH has neither offices in Utah nor any employees that reside in Utah.  In response, Plaintiff's counsel said: "'At least one' does not mean there is another one necessarily." *See* Ex. A (Emails between C. Collignon and F. Hedin dated March 25, 2024 – April 5, 2024).  Thus, Plaintiff's counsel has admitted that he does not have any factual basis for his amended allegations, but chose to make them anyway.

This is conduct in bad faith and constitutes grounds for denying Plaintiff's Motion.  *See Genberg v. Porter*, No. 11-CV-02434-WYD-MEH, 2012 WL 1279936, at *2 (D. Colo. Apr. 13, 2012) ("bad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled, and are made solely to circumvent a defense raised in a Rule 12(b) motion.").

DATED this 26th day of April, 2024.

**BAKER & HOSTETLER LLP**

By: */s/ Casie D. Collignon*
Casie Collignon
ccollignon@bakerlaw.com
Robyn Feldstein (*pro hac vice forthcoming*)
rfeldstein@bakerlaw.com


**CHRISTENSEN & JENSEN, P.C.**
Phillip S. Ferguson
Phillip.ferguson@chrisjen.com

*Attorneys for Defendant*
*Publishers Clearing House, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2024, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)** was served electronically on all counsel of record via the Court's GreenFiling system.

By: */s/ Casie D. Collignon*
Casie D. Collignon