# Exhibit A

**Feldstein, Robyn**

| | |
|---|---|
| **From:** | Collignon, Casie |
| **Sent:** | Friday, April 05, 2024 6:54 PM |
| **To:** | Frank Hedin |
| **Cc:** | Arun Ravindran; Feldstein, Robyn |
| **Subject:** | RE: Cameras v. PCH - Amended Complaint |

It is lie. And, your email below demonstrates why you are playing games. You admit that there is not "necessarily" another office because there isn't one. If you had a good faith basis, you would tell me what that "office" is or your good faith basis to think that there might be. But you don't. You just keep playing word games. Businesses don't have secret offices that cannot be located by the public. Thus, you are using a lie to create a factual dispute. That is not appropriate.

If you lie to the Court, that is your choice. Your call.

Casie

Casie Collignon
BakerHostetler
T +1.303.764.4037

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Friday, April 5, 2024 4:48 PM
**To:** Collignon, Casie <ccollignon@bakerlaw.com>
**Cc:** Arun Ravindran <aravindran@hedinllp.com>; Feldstein, Robyn <rfeldstein@bakerlaw.com>
**Subject:** Re: Cameras v. PCH - Amended Complaint

"At least one" does not mean there is another one necessarily.  What is so controversial about this?

Frank S. Hedin
**Hedin LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
(305) 357-2107
http://www.hedinllp.com

> On Apr 5, 2024, at 6:46 PM, Collignon, Casie <ccollignon@bakerlaw.com> wrote:
>
>
> Games? If you have a basis to allege that there is an office other than the registered agent, please let us know. It is simply not appropriate to make us guess what "other" office you believe is out there when that knowledge, if it was true, is obviously available in the public knowledge.
>
> Have a nice weekend.
>
> Casie
>
> Casie Collignon

1

T +1.303.764.4037

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Friday, April 5, 2024 4:43 PM
**To:** Collignon, Casie <ccollignon@bakerlaw.com>
**Cc:** Arun Ravindran <aravindran@hedinllp.com>; Feldstein, Robyn <rfeldstein@bakerlaw.com>
**Subject:** Re: Cameras v. PCH - Amended Complaint

We're filing a motion tonight because we're sick of the games. Alleging that your client has at least one office in Utah when we know of one (overseen by its registered agent) is appropriate.

Frank S. Hedin
**Hedin LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
(305) 357-2107
http://www.hedinllp.com

> On Apr 5, 2024, at 6:37 PM, Collignon, Casie <ccollignon@bakerlaw.com> wrote:
>
> Frank –
>
> It is a lie and you know it. They have zero PCH offices in UT. They have zero employees in UT. I am happy to get you an affidavit on this, or any other topic you want. I asked you for your factual basis for any allegation that PCH has an office in Utah, and you have none. Your only response is that you want to go on a discovery fishing expedition to find out. That is not Rule 11 sufficient. That is the exact opposite. In sum, you are admitting you have no factual basis, but that merely filing a lawsuit allows you the right to conduct discovery to figure out if you had a good faith basis to file the lawsuit in the first instance. That is not accurate or an appropriate use of court/party resources.
>
> PCH has a registered agent in UT as is required by law when you are an out of state business with NO offices in Utah. And, that registered agent has an office in Utah. While we may have a good faith legal dispute about whether a registered agent office is a PCH office (although I believe that is a legally ridiculous argument, and already subject to our current MTD briefing), there is absolutely no dispute that there are zero *PCH* offices in Utah.
>
> Once again, what is your Rule 11 basis to allege that PCH has an office in addition to it's registered agent's office? Are you honestly stating that PCH has some office that is hidden from the public record? That is ridiculous and you know it.
>
> To be clear, I don't want anyone jammed up on timing. I am happy to stipulate to another extension to allow us to continue to work (as you just sent me the new amendment today). But, if you file, we are reserving all rights to bring this knowingly baseless allegation to the Court.

If a conversation would help, just let me know.

Thanks,

Casie

Casie Collignon

<image001.png>

T +1.303.764.4037

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Sent:** Friday, April 5, 2024 4:22 PM
**To:** Collignon, Casie <ccollignon@bakerlaw.com>
**Cc:** Arun Ravindran <aravindran@hedinllp.com>; Feldstein, Robyn <rfeldstein@bakerlaw.com>
**Subject:** Re: Cameras v. PCH - Amended Complaint

It's not a lie to say defendant has at least one office there because we know of 1 and there may be others. What am I missing here?

Frank S. Hedin
**Hedin LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
(305) 357-2107
http://www.hedinllp.com

> On Apr 5, 2024, at 5:55 PM, Collignon, Casie <ccollignon@bakerlaw.com> wrote:
>
> Yes. Our registered agent has an office there. One office. If you have any facts otherwise, please let us know. That is a reasonable request. Otherwise, it's a lie.
>
> Sorry; always happy to try to cooperate where I can.
>
> Casie Collignon
> BakerHostetler
> 303-764-4037
>
> Sent from my iPhone
>
>> On Apr 5, 2024, at 3:51 PM, Frank Hedin <fhedin@hedinllp.com> wrote:

3

Saying you have at least one office in Utah is a lie? Ok good luck explaining that one to the court without violating rule 11. We'll file a motion

Frank S. Hedin

**Hedin LLP**

1395 Brickell Avenue, Suite 1140

Miami, Florida 33131

(305) 357-2107

http://www.hedinllp.com

> On Apr 5, 2024, at 4:15 PM, Collignon, Casie <ccollignon@bakerlaw.com> wrote:
>
> Ok. I understand. We have a right to ask you for your Rule 11 basis for a fact that we know is a lie. You haven't provided any. I offered to submit a declaration that no discovery could possibly show an office or any employees there. It is simply improper for you to amend your complaint with facts known to be a lie to avoid our motion to dismiss.
>
> Again, happy to consider other options here, but we just can't consent to an amendment with a lie that can be confirmed.
>
> Always happy to discuss.
>
> Casie Collignon
> BakerHostetler
> 303-764-4037
>
> Sent from my iPhone
>
>> On Apr 5, 2024, at 11:19 AM, Frank Hedin <fhedin@hedinllp.com> wrote:
>>
>> We are being reasonable here. If your client won't agree to my proposal below we will file a motion for leave to file this,

4

which will cost your client money to respond to and cost the court time to prepare an order granting.

Frank S. Hedin
<image004.png>
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

---

**From:** Frank Hedin <fhedin@hedinllp.com>
**Date:** Friday, April 5, 2024 at 1:16 PM
**To:** Collignon, Casie <ccollignon@bakerlaw.com>, Arun Ravindran <aravindran@hedinllp.com>
**Cc:** Feldstein, Robyn <rfeldstein@bakerlaw.com>
**Subject:** Re: Cameras v. PCH - Amended Complaint

How about we change it to say "at least one"? If it has no other offices, then discovery will reveal that to be the case and that'll be the end of it. But the fact of the matter is that it's registered to do business in Utah, but we are unable to ascertain the extent of those business activities given the informational

5

disadvantage we are at in that regard.

Frank S. Hedin
<image001.png>
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801

---

**From:** Collignon, Casie <ccollignon@bakerlaw.com>
**Date:** Friday, April 5, 2024 at 1:11 PM
**To:** Arun Ravindran <aravindran@hedinllp.com>, Frank Hedin <fhedin@hedinllp.com>
**Cc:** Feldstein, Robyn <rfeldstein@bakerlaw.com>
**Subject:** RE: Cameras v. PCH - Amended Complaint

Arun – Received and working with the client now. The issue is that this proposed Complaint now states that PCH has "one or more" offices, including but not limited to its registered agent's office. This is simply not factually accurate for all of the reasons we have already explored. What is your factual basis to allege "or more"? My client simply cannot consent to an amendment which

6

contains a knowingly factual inaccurate allegation.

Happy to keep working together if you have any good faith basis to allege that we have any "office" in UT beyond it's registered agent's office (which is not a PCH office).

Thanks for the cooperation.

Best,

Casie

Casie Collignon
<image002.png>

T +1.303.764.4037

**From:** Arun Ravindran <aravindran@hedinllp.com>
**Sent:** Friday, April 5, 2024 8:18 AM
**To:** Collignon, Casie <ccollignon@bakerlaw.com>; Frank Hedin <fhedin@hedinllp.com>
**Cc:** Feldstein, Robyn <rfeldstein@bakerlaw.com>
**Subject:** Re: Cameras v. PCH - Amended Complaint

Hello Cassie,

Please see the attached revised proposed First Amended Complaint. The Complaint is identical to the one we sent last week but deletes allegations in paragraphs 8 and 65

7

that PCH has employees who work from Utah.  Please advise if we have Defendant's consent under Fed. R. Civ. P. 15(a)(2) to file.  Our filing deadline is today, so your prompt response would be very much appreciated.

Thanks very much,

Arun G. Ravindran
<image003.png>
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: + 1 (305) 203-4573
Mob: +1 (321) 537-0029
Fax: + 1 (305) 200-8801