Frank S. Hedin (Pro Hac Vice Application Forthcoming)
Arun G. Ravindran (Pro Hac Vice Application Forthcoming)
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone:  (305) 357-2107
Facsimile:  (305) 200-8801
E-Mail:      fhedin@hedinllp.com
              aravindran@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:  (801) 322-2002
Facsimile:  (801) 912-0320
E-Mail:      dws@psplawyers.com

Attorneys for Plaintiffs and the Putative Class

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>     v.<br><br>PUBLISHERS CLEARING HOUSE, LLC<br><br>                  Defendant. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)**<br><br>Case No. 4:23-cv-00118-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

1

Plaintiff requested that Defendant stipulate to the relief sought by Plaintiff's Motion for Leave to File First Amended Complaint ("the Motion")[1] prior to filing the Motion. Regrettably, although such requests are routine and motions must be "freely granted" pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant denied Plaintiff's request even though Plaintiff requested Defendant's written consent to the amendment at the inception of the case, before discovery had been undertaken, and before the case has been set for trial.

Defendant's opposition effectively concedes (by not asserting otherwise) that Plaintiff's request is not the product of undue delay or dilatory motive, or that it would be overly prejudicial or futile, or that any of the other grounds to deny a Rule 15 amendment discussed in *Foman v. Davis*, 371 U.S. 178, 182 (1962) apply. Rather, Defendant opposes on the single ground that the proposed First Amended Complaint ("FAC") makes allegations about Defendant's presence in Utah which Defendant contends are made in bad faith on the ground that they are purportedly contradictory to allegations from the operative Complaint[2]. Defendant's bad faith claim is spurious for several reasons. <u>First</u>, the FAC's additional allegations are neither inconsistent with nor contradictory to the operative complaint's allegations. Plaintiff has merely rewritten one allegation to assert that Defendant has "at least

---

[1] ECF No. 21, filed April 12, 2024

[2] ECF No. 1, filed December 15, 2023

2

one" office in Utah, which of course is not inconsistent with Plaintiff's original allegation that Defendant had one office in Utah belonging to its registered agent. <u>Second</u>, this allegation is based on Defendant's own corporate filings with the State of Utah identifying its "registered office in the State of Utah." Plaintiff has attached that filing to the FAC as Exhibit D.[3] Thus, Defendant's claim that Plaintiff lacks a factual basis for its pleading concerning Defendant's presence in Utah is itself thoroughly groundless. <u>Third</u>, the relevant question for purposes of assessing Defendant's liability under the pertinent statute is whether it had an office or place of business in the state at the time it made its alleged sales of its customers' personal information. But, even accepting at face value counsel for Defendant's representations (made by email) that Defendant presently has no other offices or places of business in Utah apart from its registered office in Midvale, Utah, Plaintiff has no way to determine the truth of this representation at this time, absent a reasonable opportunity for discovery. Moreover, counsel's representation also creates a reasonable question about whether Defendant had any other offices or places of business in the state <u>at any other point during the relevant statutory period</u> (other than the office Defendant presently maintains in the state (and maintained in the state during the applicable statutory period, as the corporate filings reveal)).

---

[3] *See* Defendant's Application for Authority to Transact Business, filed with the Utah Department of Commerce on February 28, 2019. ECF No. 21-2, at 37-38 (the "Application").

Consistent with Rule 15(a)'s admonition that leave to amend be freely given, the Court should grant Plaintiff's motion for leave to amend.

Utah's Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code Ann. § 13-37-101 *et. seq.* (the "NISNPIA") applies to "commercial entities" which are defined as a person that "has an office or other place of business located in [Utah]" and "in the ordinary course of business transacts a consumer transaction in [Utah]."[4] As such, Plaintiff alleged at paragraph 9 of the operative Complaint that "Defendant … through its registered agent, maintains an office in Utah at 1108 E. South Union Ave., Midvale, Utah 84047. [Defendant] does business throughout Utah and the entire United States." As Plaintiff noted in the Motion,[5] Plaintiff amended this allegation in response to Defendant's argument that Plaintiff inadequately pled Defendant was a "commercial entity" *e.g.,* that it had an office or other place of business in Utah. Specifically, Plaintiff alleges at paragraph 17 of the FAC as follows:

> 17. PCH has at least one office or other place of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by PCH's registered agent on PCH's behalf). *See* Application for Authority to Transact Business with the State of Utah, Department of Commerce, Division of Corporations & Commercial Code, filed Feb. 28, 2019, a copy of which is attached hereto as **Exhibit D** (Defendant identifying "[t]he street address of [its]

---

[4] *Id.,* § 13-37-102(2)(a)

[5] ECF No. 21 at 3

registered office in the State of Utah" as "1108 E. South Union Ave, Midvale, UT 84047").

Further, as indicated above, the Application disclosed Defendant's "registered office in the State of Utah" at the Midvale address.

Defendant asserts that the FAC's added allegation that Defendant has "at least one office or other place of business in Utah" is "mere word play" intended to create a "disputed issue of fact" and further states that Plaintiff lacks a factual basis to allege that the Defendant has "one or more" offices in Utah.[6]  Defendant ultimately accuses Plaintiff of bad faith, arguing that the allegation in the operative complaint that Defendant "through its registered agent, maintains an office in Utah at 1108 E South Union Ave., Midvale, Utah 84047" is <u>directly contradictory</u> with the nearly identical allegation from the FAC that "PCH has at least one office or other place of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by PCH's registered agent on PCH's behalf)."

As an initial matter, Defendant's contention that Plaintiff lacks a factual basis to plead that Defendant has "one or more" offices in Utah is belied by Exhibit D to the FAC.  Defendant cannot claim in good faith that Plaintiff's factual allegation has no basis given that its own official filings confirm that Defendant has at least

---

[6] Defendant's Response in Opposition to Plaintiff's Motion to File First Amended Complaint, ECF No. 22 at 2, filed April 26, 2024.

one office or other place of business in the state. Plaintiff is not required to simply take Defendant's counsel's word (via email) that its client maintains no other offices or places of business in Utah. Further, Defendant's counsel has not provided any representations or documentation about the existence of any other offices or other places of business that Defendant may have previously maintained in the state at any other times during the applicable statutory period. Its central claim, that Plaintiff has made directly contradictory assertions in the operative and proposed complaint, similarly strains credulity.

Since Defendant has effectively conceded, by not asserting them, that the other *Foman* grounds are inapplicable, Defendant is left to oppose the Motion with a bad faith claim. Defendant cites *Genberg v. Porter*, No. 11-CV-02434-WYD-MEH, 2012 WL 1279936, at *2 (D. Colo. Apr. 13, 2012),[7] for the proposition that "bad faith may be inferred if the proposed amendments *directly contradict* the allegations made in the original pleading such that *the original and amended factual accounts cannot be reconciled*, and are made solely to circumvent a defense raised in a Rule 12(b) motion," Defendant suggests that Plaintiff has pled irreconcilable facts with respect to Defendant's office location in Utah. Plaintiff has not done that. The allegation in the operative Complaint and FAC speaks for itself.

---

[7] ECF No. 22 at 3.

As a matter of syntax and logic, the phrases "at least one" and "including but not limited to" used in the FAC plainly encompass the Midvale, Utah office, which is referenced in the operative complaint.[8] Plaintiff cannot have pleaded inconsistent facts, much less directly contradictory facts, with respect to Defendant's Utah location where the allegation in the operative Complaint and FAC names the same address.[9] Defendant does not explain how these allegations are contradictory or are otherwise indicia of bad faith. Defendant is plainly grasping at straws to try and show bad faith where none exists.

At bottom, Defendant and Plaintiff disagree over whether Defendant's "registered office in the State of Utah" provided to the Department of Commerce is "an office or other place of business located in [Utah]" as required by the NISNPIA.[10] Defendant however seeks to make an end run around the Court's full

---

[8] *See Penncro Assocs., Inc. v. Sprint Spectrum, L.P.*, 499 F.3d 1151, 1156 (10th Cir. 2007) (quoting Webster's Dictionary and explaining that the phrase "including but not limited to" means that subsequently listed examples are part of a general category); *see also Two Oil Servs., L.L.C. v. Simons Petroleum, L.L.C.*, No. 2:14-CV-3433, 2015 WL 3622659, at *3 (W.D. La. June 8, 2015) (collecting cases and finding that "including, but not limited to" introduces items that comprise part of a greater group.").

[9] *See e.g., Richards v. Wyndham Vacation Ownership, Inc.*, No. 2:17-CV-978 TS, 2018 WL 354682, at *3 (D. Utah Jan. 10, 2018) (Defendant could not show bad faith where operative complaint and proposed amended complaint's allegations were not inconsistent)

[10] Defendant cites no Utah authority in its Opposition to the Motion that a business's registered agent's office in Utah is not "an office or other place of business" in Utah.

7

consideration of that issue by opposing the Motion, which seeks to amend the Complaint, by *inter alia*, adding Defendant's own admission to the Department of Commerce that it in fact has a "registered office" within the state, and leaving open the possibility that other offices or places of places of business were maintained by Defendant in the state during the applicable statutory period. Courts are rightly skeptical of such practices.[11]  This Court should view Defendant's tactics in this regard with similar skepticism.  Amendments to pleadings should be freely granted under Rule 15(a)(2), especially at this early stage in the litigation.  Plaintiff's Motion should be granted.

## CONCLUSION

For the foregoing reasons and for those provided in the Motion, the Motion should be granted, Plaintiff should be granted leave to file the proposed FAC, and the pending motion to dismiss should be denied as moot.

---

[11] *See Boulder Falcon, LLC v. Brown*, No. 222CV00042JNPJCB, 2023 WL 1802038, at *2 (D. Utah Feb. 7, 2023) (Parrish, J.) quoting *Georgelas v. Call*, No. 2:16-cv-00511-RJS-PMW, 2020 WL 2043535, at *2 (D. Utah Apr. 28, 2020) (citation omitted) ("The defendants effectively ask the court to pick the winners and losers of the claims and counterclaims asserted by the parties in this litigation and declare Boulder Falcon as the bad-faith party in this dispute. But motions to amend the pleadings "should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims.").

Dated: May 10, 2024.

        Respectfully submitted,

        **PETERS | SCOFIELD**
        *A Professional Corporation*

        /s/ David W. Scofield
        DAVID W. SCOFIELD

        **HEDIN LLP**
        Frank S. Hedin (Pro Hac Vice Application Forthcoming)
        Arun G. Ravindran (Pro Hac Vice Application Forthcoming)
        *Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused the foregoing to be filed with the Court through its CM/ECF system, this 10th day of May, 2024, which will serve copies hereof electronically on the following counsel registered for CM/ECF notification:

Phillip S. Ferguson—Phillip.ferguson@chrisjen.com

Cassie D. Collignon – ccollignon@bakerlaw.com

Robyn Feldstein – rfeldstein@bakerlaw.com

/s/ David W. Scofield