IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, LLC,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>Case No. 4:23-cv-00118-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

　　　　This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint.[1] For the reasons set forth below, the Motion is denied.

I. BACKGROUND

　　　　Plaintiff brings the putative class action asserting that Defendant violated Utah's Notice of Intent to Sell Nonpublic Personal Information Act (the "Act").[2] The Act bars a "commercial entity" from disclosing nonpublic personal information[3] and allows for a private right of action against a commercial entity who violates the Act.[4] Relevant here, the Act defines commercial entity as "a person that: (i) has an office or other place of business located in the state; and (ii) in the ordinary course of business transacts a consumer transaction in this state."[5]

---

[1] Docket No. 21, filed April 12, 2024.

[2] Utah Code Ann. § 13-37-101 to -203.

[3] *Id.* § 13-37-202.

[4] *Id.* § 13-37-203.

[5] *Id.* § 13-37-102(2)(a).

1

Defendant has filed a Motion to Dismiss.[6] One of Defendant's arguments is that Plaintiff's Complaint fails to properly allege that it is a commercial entity as defined by the Act.[7] More specifically, Defendant argues that Plaintiff has failed to allege that Defendant has an office or other place of business in Utah. In response, Plaintiff seeks leave to amend his Complaint to include an allegation that Defendant has "at least one office or other place of business in Utah."[8]

## II.  DISCUSSION

Generally, a party must seek leave of court or written consent of the adverse party to amend his pleading.[9] "The court should freely give leave when justice so requires."[10] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[11]

Defendant argues that amendment should be denied because Plaintiff is acting in bad faith. The Court need not decide whether Plaintiff acted in bad faith because the Court concludes

---

[6] Docket No. 16.

[7] Defendant also argues that the Court lacks subject matter jurisdiction because the Act does not allow for class actions, Utah Code Ann. § 13-37-203(3), which renders Plaintiff unable to meet the amount in controversy necessary for diversity jurisdiction. That question is not at issue here.

[8] Docket No. 21-2 ¶ 17.

[9] Fed. R. Civ. P. 15(a)(2).

[10] *Id.*

[11] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

that amendment is futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[12] "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."[13] In determining whether a complaint fails to state a claim, the Court considers not only the complaint "but also the attached exhibits."[14] And "when a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint."[15]

As stated, Plaintiff seeks to add an allegation that Defendant has at least one office or other place of business in Utah. In support of this contention, Plaintiff has attached a copy of Defendant's Application for Authority to Transact Business (the "Application"),[16] which was filed with the Utah Department of Commerce. However, that document does not support Plaintiff's allegation. Instead, that document directly refutes it. The Application states that Defendant is a New York entity with its principal place of business in Jericho, New York. The only Utah address included on the form is that of Defendant's registered agent, which is required for Defendant to be able to transact business in Utah.[17] Thus, the Application makes clear that it

---

[12] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[13] *Goheir v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

[14] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[15] *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1239 (10th Cir. 2014) (same); *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir.2012) *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir.1991)

[16] Docket No. 21-1, Ex. D.

[17] Utah Code Ann. § 16-10a-1503(1)(e) (citing Utah Code Ann. § 16-17-203(1)).

is Defendant's registered agent, not Defendant, who has a location in Utah. Because Plaintiff's own exhibit contradicts his proposed amendment, it is futile, and amendment is denied.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 21) is DENIED. Plaintiff is directed to file a response to Defendant's Motion to Dismiss (Docket No. 16) within fourteen (14) days of this Order.

DATED this 17th day of May, 2024.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge