Frank S. Hedin (Pro Hac Vice Application Forthcoming)
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:    (801) 322-2002
Facsimile:    (801) 912-0320
E-Mail:    dws@psplawyers.com

Attorneys for Plaintiffs and the Putative Class

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PUBLISHERS CLEARING HOUSE, LLC,<br><br>   Defendant. | **MOTION TO VACATE DEADLINE FOR PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 4:23-cv-00118-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

By and through counsel, Plaintiff files this Motion to Vacate Deadline for Plaintiff to File Response to Defendant's Motion to Dismiss and states as follows:

**Relief requested:**  Plaintiff requests that the Court vacate the May 31, 2024 deadline for him to respond in opposition to Defendant's pending motion to dismiss, which was set by the Magistrate Judge's May 17, 2024 Memorandum Decision and Order Denying Plaintiff's Motion

for Leave to File First Amended Complaint ("the Magistrate's Order").[1] Plaintiff intends to file objections to the Magistrate's Order by May 31, 2024 (14 days from the date it was issued) pursuant to Federal Rule of Civil Procedure 72 – objections that, if sustained, would permit the filing of Plaintiff's proposed First Amended Complaint and thus moot the pending Motion to Dismiss.[2]

**Grounds:** Pursuant to Federal Rule of Civil Procedure 72, Plaintiff will file objections to the Magistrate's Order on or before May 31, 2024, 14 days from its issuance. However, the Order sets May 31, 2024 as the deadline for Plaintiff to file his response in opposition to Defendant's pending Motion to Dismiss[3] the initial and presently operative Complaint. Rather than requiring a response to the Motion to Dismiss the operative Complaint by May 31, 2024 – the same date Plaintiff's objections to the Magistrate's Order are due – the Court should vacate the deadline set in the Magistrate's Order and, to the extent necessary, reset the deadline following the Court's resolution of Plaintiff's objections. The requested relief would serve the parties' interests as well as the interests of judicial economy and efficiency, because an order sustaining Plaintiff's upcoming objections would obviate the need for the parties to brief and for the Court to resolve the pending Motion to Dismiss.

## STATEMENT OF FACTS

This is a putative class action which alleges that Defendant violated Utah's Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code Ann. § 13-37-101, *et. seq*. (the "NISNPIA") by renting, selling, exchanging, and otherwise disclosing Nonpublic Personal Information it obtained through its sales of products to Utah consumers without first providing

---

[1] ECF No. 24
[2] ECF No. 16
[3] *Id.*

consumers notice required under the NISNPIA statute. Reference was made to the Honorable Paul Kohler pursuant to 28 U.S.C. § 636(b)(1) for disposition of "non dispositive pretrial matters."[4]

Defendant filed a Motion to Dismiss on March 1, 2024.[5] In lieu of responding to the Motion to Dismiss, Plaintiff filed a Motion for Leave to File First Amended Complaint Pursuant to Fed. R. Civ. P. 15(a).[6] The Magistrate Judge issued the Order denying the Motion for Leave to Amend Complaint on May 17, 2024, and within the Order required Plaintiff to respond to the Motion to dismiss within fourteen days of the issuance of the Order, or May 31, 2024.

## **MEMORANDUM OF LAW**

Plaintiff intends to file objections to the Magistrate's Order pursuant to Federal Rule of Civil Procedure 72(a), which authorizes the filing of objections to non-dispositive pre-trial orders within 14 days after being served a copy of the order. Plaintiff's forthcoming objections to the Magistrate's Order will be filed on May 31, 2024, 14 days from the date the order was issued, and will be subject to *de novo* review.[7]

If the Court sustains Plaintiff's objections to the Magistrate's Order and permits the filing of the proposed First Amended Complaint, the First Amended Complaint would supplant the currently operative Complaint, mooting Defendant's pending Motion to Dismiss. Neither the parties' nor the Court's interests would be served by expending resources briefing and resolving a motion to dismiss that may be rendered moot as a result of Plaintiff's forthcoming objections.

---

[4] ECF No. 7
[5] ECF No. 16
[6] ECF No. 21
[7] *Chavez v. Hatterman*, No. CIV.A06CV02525WYDMEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (applying *de novo* review standard of magistrate judge's finding of futility of amendment)

The interests of the parties and judicial economy and efficiency would be best served by vacating the deadline set in the Magistrate's Order and resetting it, to the extent necessary, after Plaintiff's objections are resolved.

Dated this 23rd day of May, 2024.

**PETERS | SCOFIELD**
*A Professional Corporation*

/s/ David W. Scofield
DAVID W. SCOFIELD

Frank S. Hedin (Pro Hac Vice Application Forthcoming)
**HEDIN LLP**

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused the foregoing **MOTION TO VACATE PLAINTIFF'S DEADLINE TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS** to be filed with the Court through its CM/ECF system, this 23rd day of May, 2024, which will serve copies hereof electronically on the following counsel registered for CM/ECF notification:

Phillip S. Ferguson—Phillip.ferguson@chrisjen.com

Cassie D. Collignon – ccollignon@bakerlaw.com

Robyn Feldstein – rfeldstein@bakerlaw.com


/s/ David W. Scofield