Frank S. Hedin (Pro Hac Vice Application Pending)
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:  (801) 322-2002
Facsimile:  (801) 912-0320
E-Mail:     dws@psplawyers.com

Attorneys for Plaintiff and the Putative Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, LLC<br>Defendant. | **PLAINTITFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No. 4:23-cv-00118-DN-PK<br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff submits the following objections to the Memorandum Decision and

Order Denying Plaintiff's Motion for Leave to File First Amended Complaint issued

by United States Magistrate Judge Paul Kohler on May 17, 2024 (ECF No. 24 (the "Order")).[1]

This Court should vacate the Magistrate Judge's Order and grant Plaintiff's Motion for Leave to File First Amended Complaint ("the Motion to Amend").[2] The Magistrate Judge's Order erroneously found the operative Complaint failed to state a claim and that the proposed First Amended Complaint's ("FAC") additional allegations were futile.

Plaintiff's objection to the Magistrate Judge's Order is three-fold.  First, the Order exceeds the scope of the Court's 28 U.S.C. § 636(b)(1)(a), "non-dispositive matters" reference.  The Order makes case dispositive legal findings (on an issue of first impression which arises under a unique statutory context) without being directed to by this Court and without the benefit of adversarial briefing.  Essentially, the Order grants Defendant's Motion to Dismiss without authority to do so.  Second, even if it were presumed that the Magistrate Judge's Order was pursuant to a Section 636(b)(1)(b) reference, the Magistrate Judge's legal finding that the Utah Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code Ann. § 13-37-101, *et. seq.* (the "NISNPIA"), "commercial entity" requirement is not met by Defendant's nominating a registered agent to maintain a physical presence in the

---

[1] ECF No. 24.

[2] ECF No. 21.

state is incorrect.  The Magistrate Judge's Order fails to consider the NISNPIA's statutory scheme as a whole as courts are bound to do and erroneously accepts Defendant's proposed extra-statutory and baseless limitation that in order to be subject to NISNIPA, a defendant must <u>actually transact its business in Utah, out of a Utah office</u>.  Third and finally, the Magistrate Judge's Order finding of futility runs headlong into Federal Rules of Civil Procedure 8 and 12(b)(6), because it fails to accept the FAC's well-pled allegations as true and the related requirement that all inferences concerning the allegations be drawn in Plaintiff's favor.

Federal Rule of Civil Procedure 15(a)(2) requires that the Court freely grant requests to amend the pleadings.  At this stage of the case, Plaintiff's request was routine and should have been granted as a matter of course. The Court should sustain Plaintiff's objections to the Magistrate Judge's Order and permit Plaintiff to file the proposed FAC.

## **FACTUAL BACKGROUND**

On December 15, 2023, Plaintiff initiated this action by filing the Complaint, alleging that Defendant rented, sold, and otherwise disclosed its Utah-based customers' Nonpublic Personal Information, pertaining to their purchases of Defendant's products, without first providing them the notice required by NISNPIA. In paragraphs 9 and 57 of the Complaint, Plaintiff alleges that Defendant is a "commercial entity" – a term defined by NISNPIA as any entity that "has an office

or other place of business located in [Utah]" and "in the ordinary course of business transacts a consumer transaction in [Utah]"[3] – because "Defendant[,] through its registered agent, maintains an office in Utah at 1108 E. South Union Ave., Midvale, Utah 84047" and because "[Defendant] does business throughout Utah and the entire United States."

On March 1, 2024, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) on, *inter alia*, the ground that the Complaint fails to adequately allege that Defendant has "an office or place of business in Utah" within the meaning of statute.[4]

In lieu of opposing Defendant's motion to dismiss on April 21, 2024, Plaintiff filed the Motion to Amend pursuant to Rule 15(a)(2), requesting leave to file the proposed FAC.[5]  Among other changes, the proposed FAC changed the factual allegations of paragraph 17 as follows:

> 17.    PCH has at least one office or other place of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by PCH's registered agent on PCH's behalf). *See* Application for Authority to Transact Business with the State of Utah, Department of Commerce, Division of Corporations & Commercial Code, filed Feb. 28, 2019, a copy of which is attached hereto as **Exhibit D** (Defendant identifying "[t]he street address of [its]

---

[3] Utah Code Ann. § 13-37-102(2)(a).

[4] ECF No. 16 (citing Utah Code Ann. § 13-37-102(2)(a)).

[5] ECF No. 21.

registered office in the State of Utah" as "1108 E. South Union Ave, Midvale, UT 84047").

The proposed FAC bolsters these factual allegations by also attaching Defendant's Application for Authority to Transact Business with the Utah Department of Commerce, in which Defendant represented that it has a "registered office" in Utah located at the address 1108 E. South Union Ave, Midvale, UT 84047, and that its registered agent in Utah is National Registered Agents, Inc.

On April 26, 2024, Defendant filed a response in opposition to Plaintiff's Motion to Amend – solely on the basis that Plaintiff sought to make the proposed amendment in bad faith.[6]   Thus, on May 10, 2024, Plaintiff filed a reply in further support of the Motion to Amend that focused entirely on Defendant's claim of bad faith.[7]

On May 17, 2024, the Magistrate Judge issued the Order.  (ECF No. 24.). The Magistrate Judge's Order noted that the Defendant's basis for opposing the Motion to Amend was bad faith.[8]   However, the Magistrate Judge's Order states that "[t]he

---

[6] ECF No. 22.

[7] ECF No. 23.

[8] *Id.* at 2.

Court need not decide whether Plaintiff acted in bad faith because the Court concludes that amendment is futile."[9]

The Magistrate Judge's Order explicitly recognized that "the futility question is functionally equivalent to of the question whether a complaint may be dismissed for failure to state a claim."[10]  Because the basis for Defendant's pending Motion to Dismiss centered on whether Plaintiff adequately alleged Defendant "has an office or other place of business located in [Utah]", the Magistrate Judge's Order made the legal finding that the FAC cannot state a violation of the NISNPIA statute because Defendant's Application to the Utah Department of Commerce designating Defendant's registered agent's office as Defendant's "registered office in the State" "makes clear that it is Defendant's registered agent, not Defendant, who has a location in Utah."[11]  The Magistrate Judge's Order concludes that "[b]ecause Plaintiff's own exhibit contradicts his proposed amendment, it is futile, and the amendment is denied."[12]

*[This Space Intentionally Left Blank]*

---

[9] *Id.* at 2-3.

[10] *Id.* at 3, quoting *Goheir v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

[11] *Id.* at 3-4.

[12] *Id.* at 4.

## **STANDARD OF REVIEW**

This Court referred non-dispositive pretrial matters to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).[13]  Rule 72(a) permits the filing of objections to orders issued by magistrate judges resolving such matters, and district courts review any such objections pursuant to a "clearly erroneous" or "contrary to law" standard.  28 U.S.C. § 636(b)(1)(A).

However, for all other matters (including matters that are dispositive in nature), the authority of magistrate judges is limited to issuing reports and recommendation.[14] Parties may file objections to magistrate judges' reports and recommendations, and district courts review any such objections *de novo*.[15]  *De novo* review means "an independent determination of the issues" as if "no decision had been rendered below."[16]

"[M]otions not designated on their face as one of those excepted in 28 U.S.C. § 636(b)(1) subsection (A) are nevertheless to be treated as such a motion when they

---

[13] ECF No. 7.

[14] 28 U.S.C. § 636(b)(1)(B).

[15] 28 U.S.C. § 636(b)(1)(B)-(C)*; see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.")

[16]  *Smith v. New Mexico Coal 401(K) Pers. Sav. Plan*, 334 F. App'x 150, 157 (10th Cir. 2009) (unpublished); *see also Dawson v. Marshall,* 561 F.3d 930, 933 (9th Cir. 2009) ("De novo review means that the reviewing court "do[es] not defer to the lower court's ruling but freely consider[s] the matter anew, as if no decision had been rendered below.")

have an identical effect."[17]  Thus, "denial of leave to amend is a dispositive decision

at least in situations where the denial is premised on futility," because

"[a]ssessment of futility arguments proceeds according to the standard applicable to

a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure."[18]

## **PLAINTIFF'S OBJECTIONS**

### **I.   The Magistrate Judge's Order Purports to Resolve a Dispositive Issue, Exceeding the Authority Conferred by 28 U.S.C. § 636**

First, the Order exceeded the Magistrate Judge's authority under 28 U.S.C. §

[19]636(b).  The Magistrate Judge's Order purports to deny Plaintiff's motion for leave

to amend on futility grounds – a dispositive matter not capable of determination by

a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Pursuant to 28 U.S.C. §

636(b)(1)(B), the Magistrate Judge's authority with respect to dispositive matters is

limited to issuing reports and recommendations.  The Magistrate Judge exceeded his

authority by resolving (rather than issuing a report and recommendation on) a

dispositive matter, and the Order should be vacated on this basis alone.  At the very

least, the Order should be construed by the district court as a report and

*[This Space Intentionally Left Blank]*

---

[17] *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458 at 1462–63 (10th Cir. 1988).

[18] *HCC, Inc. v. R H & M Machine Co.,* 39 F. Supp. 2d 317, 321 (S.D.N.Y.1999).

[19]

recommendation subject to *de novo* review.[20]

## II.    The Magistrate Judge *Sua Sponte* Denied Leave to Amend as Futile, Depriving Plaintiff an Opportunity to be Heard on this Issue

Second, the Magistrate Judge denied Plaintiff's motion for leave to amend as

futile – on the ground that the document accompanying Plaintiff's proposed

amendment refutes Plaintiff's allegation that Defendant has an office or place of

business in Utah – even though Defendant did not argue that leave to amend was

futile in its opposition to Plaintiff's motion (and Plaintiff consequently had no

reason to address the issue in his reply).[21]   The Magistrate Judge denied Plaintiff an

opportunity to be heard on this critical issue by reaching and then resolving the issue

---

[20] *See, e.g., Cuenca v. Univ. of Kan.,* 205 F.Supp.2d 1226, 1228 (D. Kan. 2002) ("The court views the magistrate judge's decision here denying leave to add a party on futility grounds as a dispositive decision subject to *de novo* review."); *Chavez v. Hatterman,* No. CIV.A06CV02525WYDMEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished) (reviewing *de novo* magistrate judge denial of leave to amend on futility grounds ); *see also Vivint, Inc. v. NorthStar Alarm Servs., LLC,* No. 216CV00106JNPEJF, 2018 WL 1449516, at *2 (D. Utah Mar. 23, 2018) (unpublished) (Parrish, J.) ("I find that the matter at hand is dispositive because denial of Plaintiff's motion [to amend] prevents him from essentially resurrecting his case against [the defendant, who had been granted summary judgement]," and collecting cases); *Goheir,* 186 F.3d at 1218 (10th Cir. 1999) (citing *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999) & *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248–49 (6th Cir. 1986) (same, for the proposition that courts of appeal review *de novo* denial motion for leave to amend based on futility)).

[21] In its Opposition to the Motion to Amend, Defendant conceded the non-existence of all other *Fomen* factors and only opposed the amendment on bad faith grounds, stating that operative Complaint's allegations concerning Defendant's Utah presence were contradicted by those of the FAC.   (ECF No. 22 at 2).   Plaintiff fully addressed this argument in his Reply to Defendant's Opposition.   The Magistrate Judge's Order did not substantive address or decide Defendant's bad faith claim. Moreover, Plaintiff's original (and presently operative) Complaint also alleges that Defendant has an office or place of business in Utah, located at the same address identified in the proposed First Amended Complaint.   This further confirms the dispositive nature of the Magistrate Judge's order, because if left to stand, it resolves this issue in a manner capable of disposing of the entire case.

without either party raising it, much less with the benefit of adversarial briefing. Thus, even if the Magistrate Judge had the authority to issue the Order, the Order should nonetheless be vacated on due process grounds.

### III.    Because Leave to Amend is Plainly Appropriate at this Early Stage of Litigation, the Order Should be Vacated Under any Standard of Review

Finally, to the extent the Court reaches the merit of the Magistrate Judge's Order denying Plaintiff's motion for leave to amend, the Order should be vacated regardless of which standard of review the Court applies (de novo or "clearly erroneous").

As a threshold matter, leave to amend should be "freely given" to Plaintiff at such an early stage of the litigation,[22] especially since Defendant has cited to no prejudice it would suffer from the proposed amendment.[23] Nor is this the time to reach let alone resolve questions concerning the merits of Plaintiff's claim, as the Magistrate Judge did in the Order.[24] Rule 15 clearly entitles Plaintiff to an opportunity to amend at this stage of litigation, and the Magistrate Judge clearly

---

[22] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) ("To safeguard a plaintiff's opportunity to test her claims on the merits, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of the court to amend the pleadings should be freely given when justice requires.") (citing Fed. R. Civ. P. 15(a)).

[23] *Duggins v. Steak N' Shale, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent.").

[24] *See New York State Nat. Org. for Women v. Cuomo*, 182 F.R.D. 30, 35 (S.D.N.Y. 1998) (briefing on a motion for leave to amendment is not the time to address the merits).

erred in concluding otherwise (after reaching and then resolving the merits of an unbriefed issue, as previously discussed).

Moreover, the Magistrate Judge's finding that amendment would be futile – which, again, Defendant did not even argue in its opposition brief – is clearly erroneous.  According to the Magistrate Judge's Order, leave to amend would be futile for the following reasons:

> Plaintiff seeks to add an allegation that Defendant has at least one office or other place of business in Utah. In support of this contention, Plaintiff has attached a copy of Defendant's Application for Authority to Transact Business (the "Application"), which was filed with the Utah Department of Commerce. However, that document does not support Plaintiff's allegation. Instead, that document directly refutes it. The Application states that Defendant is a New York entity with its principal place of business in Jericho, New York. The only Utah address included on the form is that of Defendant's registered agent, which is required for Defendant to be able to transact business in Utah.17 Thus, the Application makes clear that it is Defendant's registered agent, not Defendant, who has a location in Utah. Because Plaintiff's own exhibit contradicts his proposed amendment, it is futile, and amendment is denied.

(Order at 3-4.)  This is simply incorrect.

The document attached to the proposed FAC ("Defendant's Application for Authority to Transact Business" (ECF No. 21-1 at 38)) in no way "contradicts" (Order at 4) – but rather clearly "supports" (*id.* at 3) – Plaintiff's allegation that "Defendant has at least one office or place of business in Utah." The document is

an application that was completed and submitted to Utah's Department of Commerce by Publishers Clearing House LLC, the Defendant in this case, under penalty of perjury. In it, Defendant identifies 1108 E. South Union Ave, Midvale, UT 84047 as "the street address of the registered office in the State of Utah[.]". (ECF No. 21-1 at 38.)  Thus, on its face, the document demonstrates that Defendant has a "registered office in the State of Utah."  Indeed, the relevant provisions of the Utah Revised Business Corporation Act confirm that the address provided by Defendant on this document is the "registered office" of the Defendant. *See* Utah Code Ann. 16-10a-102(30) ("Registered office" means **the office within this state designated by a domestic or foreign corporation as its registered office** in the most recent document on file with the division providing that information[.]").

The Magistrate Judge's Order cites to Utah Code Ann. § 16-10a-1503(1)(e), which in turn cites to Utah Code Ann. § 16-17-203(1), for the proposition that "the registered office" identified by Defendant on this document is not an office of the Defendant but an office of its registered agent.  But the Application filed by Defendant states "NATIONAL REGISTERED AGENTS, INC." as the registered agent for service of process. And because NATIONAL REGISTERED AGENTS, INC. is a "commercial registered agent" (*see* **Exhibit 1** hereto), Utah Code Ann. § 16-17-203(1) only required "the name of [Defendant's] commercial registered agent," *id.,* § 16-17-203(1)(a) – not "the name and address of the entity's

noncommercial registered agent" – on the application. *Id.* § 16-17-203(1)(b)(i). Thus, the Application completed by Defendant that is attached to the proposed FAC identifies the address of **Defendant's** "registered office in Utah". And it makes no difference that Defendant has appointed an agent to accept service of process on its behalf at its registered office, or even that the office is maintained by that agent. A principal (in this case the Defendant) acts through its agent, and the agent stands in the shoes of the principal in the eyes of the law and any question about the scope of the agency is a question of fact. What reasonable inferences of fact may prevail is not a question for determination at this stage of the proceedings.[25]

An office maintained by Defendant's agent on Defendant's behalf and at Defendant's direction, where Defendant, *inter alia*, receives mail and accepts service of legal documents, clearly constitutes an "office" of (or a "place of business of") Defendant within the meaning of Utah's statutes.

Furthermore, Plaintiff's allegation in paragraph 17 of the proposed FAC clarifies that "PCH has **at least one office or other place of business in Utah,**

---

[25] What conclusion a trier of fact may reach in the circumstances of any case is not resolvable, even on summary judgment, let alone on a motion to dismiss, where all possible reasonable inferences are to be construed in favor of the nonmoving party. *See USA Power, LLC v. PacifiCorp,* 2010 UT 31, ¶ 33, 235 P.3d 749, 757 ("[While] parties may agree on the objective statement of the facts, [they] may fundamentally disagree on the reasonable inferences to be made from those facts. . . . Even if the moving party's objective statement of the facts are agreed upon, reasonable inferences made from those undisputed facts can indeed create a genuine issue of material fact").

including **but not limited to** … a location overseen by PCH's registered agent."
The Magistrate Judge's Order improperly assumes that PCH does not have (or did
not have at any point during the relevant time period) any other office in the State of
Utah besides its registered office maintained on its behalf by its agent. To sustain a
futility finding, the Court must be convinced that "it appears beyond doubt Plaintiff[]
can prove no set of facts in support of [his] claim."[26]  Whether Defendant had any
other office(s) remains an open question, one which ultimately will be answered
through discovery.  But at this stage of the proceedings, Plaintiff has alleged facts
which, consistent with Rule 8, plausibly give rise to Defendant being a NISNPIA-
covered "commercial entity".  The Magistrate Judge clearly erred in concluding
otherwise.

Simply put: the fact that Defendant itself has stated that it has a "registered
office in Utah" is plainly sufficient to satisfy (or at the very least plausibly satisfies
(the relevant standard at the pleadings stage)) NISNIPIA's requirement that
Defendant have "an office or other place of business" in Utah in order to qualify as
a "commercial entity" covered by the statute. *See* Utah Code Ann. § 16-10a-1505(2)
("A foreign corporation authorized to transact business in this state has the same
rights and privileges as, but no greater rights or privileges than, a domestic
corporation of like character. Except as otherwise provided by this chapter, a foreign

---

[26] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 512 (D. Kan. 2007)

corporation authorized to transact business in this state is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on a domestic corporation of like character.")

Leave to amend should have been granted pursuant to Rule 15, and the Magistrate Judge clearly erred in concluding that the proposed amendment is futile.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should sustain Plaintiff's objections, vacate the Magistrate Judge's Order, and grant Plaintiff's Motion to Amend.

Dated: May 31, 2024.

Respectfully submitted,

PETERS | SCOFIELD
*A Professional Corporation*


<u>/s/ David W. Scofield</u>
DAVID W. SCOFIELD

**HEDIN LLP**
Frank S. Hedin (Pro Hac Vice Application Forthcoming)
*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that he caused the foregoing to be filed with the Court through its CM/ECF system, this 31st day of May 2024, which will serve copies hereof electronically on the following counsel registered for CM/ECF notification:

Phillip S. Ferguson—Phillip.ferguson@chrisjen.com

Cassie D. Collignon – ccollignon@bakerlaw.com

Robyn Feldstein – rfeldstein@bakerlaw.com

                    /s/ David W. Scofield