Frank S. Hedin (Pro Hac Vice Application Forthcoming)
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:    (801) 322-2002
Facsimile:    (801) 912-0320
E-Mail:       dws@psplawyers.com

Attorneys for Plaintiff and the Putative Class

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| JAMES CAMORAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, LLC<br><br>Defendant. | **MOTION TO ACCEPT PLAINITFF'S THREE-MINUTE OUT-OF-TIME FILING OF OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No. 4:23-cv-00118-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

**Relief requested**: An order accepting Plaintiff's out-of-time filing of Plaintiffs' Objections to Order Denying Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 26, 26-1) (the "Objection").

**Grounds**: Multiple attempts were made to file the Objection timely, as described in the accompanying Declaration of David W. Scofield, under the pulldown option specifically

1

designated for objection to reports and recommendations, which are documents generally prepared by magistrate judges, just like the . The CM/ECF refused to proceed to the end of the filing process on each of those occasions, until the pulldown option of under the general category of objection was selected and the filing docketed. Unfortunately, the docketing of the Objection occurred on June 1, 2024, at three minutes past midnight, missing the due date by just minutes due solely to the filing difficulties. Given the timely attempts at filing and the fact that the filing occurred less three minutes after the date changed, there is no prejudice to defendant and no effect on the administration of the case, such that the Court should find excusable neglect and accept the untimely filed objection.

## FACTS

1. On May 17, 2024, the Honorable Paul Kohler, United States Magistrate Judge, entered and the CM/ECF system served his Memorandum Decision and Order Denying Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 24) ("Memorandum Decision"). *See* Declaration of David W. Scofield, dated and filed concurrently herewith ("Scofield Declaration"), at ¶ 2.

2. Any objection to the Memorandum Decision was due to be filed fourteen days after service of the Memorandum Decision, which due date was May 31, 2024. *See* Fed. R. Civ. P. 72(a).

3. At approximately 11:08 p.m. on Friday, May 31, 2024, Plaintiff's local counsel ("Counsel") received an email with an attachment that was a draft of the Plaintiff's Objections to Order Denying Plaintiff's Motion For Leave to File First Amended Complaint prepared by lead counsel. *See* Scofield Declaration, at ¶ 4

4.        Counsel reviewed such draft and proposed certain changes to the draft. *See id.,* ¶ 5.

5.        After his review of Counsel's proposed changes, lead counsel agreed to them and the final edit of the Word draft was ready to be printed to a .pdf on May 31, 2024, at 11:53 p.m., as shown in the metadata of that final document in Exhibit 1 attached to the Scofield Declaration, and then filed. *See id.,* ¶ 6.

6.        The .pdf version of the objection was created and ready to file on May 31, 2024, at 11:54 p.m. (the "Objection"), as shown in the metadata of that final document in Exhibit 2 attached to the Scofield Declaration. *See id.,* ¶ 7.

7.        Thereupon, Counsel accessed the CM/ECF system and attempted to file the objection. *See id.,* ¶ 8.

8.        Counsel accessed the Civil Event link entitled "Initial Pleadings and Service," "Other Answers and Responses," since it seemed to Counsel that an objection to a magistrate's ruling was a response to the order. *See id.,* ¶ 9.

9.        The next pulldown menu had two options for objections. The first was the specific "Objection to Report and Recommendations." The second was a generic "Objections." *See id.,* ¶ 10.

10.        Since magistrate judges are the ones who issue reports and recommendations, Counsel selected that option for its, to him, apparent specificity. *See id.,* ¶ 11.

11.        That option brought Counsel to the document upload screen and Counsel successfully uploaded the objection, including its exhibit, for filing. *See id.,* ¶ 12.

12.        Counsel then clicked "Next," and got a screen that said: "There are no applicable events to relate to the current event. Docketing of this event cannot continue." The dialogue box

at issue is attached as Exhibit 3 to the Scofield Declaration. *See id.,* ¶ 13.

13. Counsel had never seen such a screen before and was stymied as to why it would have popped up. Ordinarily, if the problem with a filing is simply an incorrect selection, the CM/ECF system will still accept the filing, and the Clerk will later issue a notice of deficiency and correct it. *See id.,* ¶ 14.

14. Counsel thought he must have made an error on a prior screen, so Counsel started the filing process over again, from the beginning. *See id.,* ¶ 15.

15. Again, Counsel reached the same result. Counsel still could not understand why his filing under the specific pulldown menu choice had not worked, so he tried a third time and got the same result. *See id.,* ¶ 16.

16. At this point it was about midnight. While Counsel still could not understand why the objection he had attempted to file multiple times under the specific rubric of objection to a report and recommendation had not been accepted, he decided to abandon the specific form of objection and instead resort to trying the generic "Objection" pulldown menu option which appeared in the "Other Answers and Responses," pulldown list. *See id.,* ¶¶ 17-18.

17. This time, Counsel did not receive the "There are no applicable events to relate to the current event. Docketing of this event cannot continue." message and he was able to continue to get the objection docketed as ECF No. 26, with Exhibit A thereto as ECF No. 26-1. *See id.,* ¶ 19.

18. Unfortunately, Counsel's difficulties with the CM/ECF filing prior to that effort resulted in passing 12:01 a.m., which is the beginning of June 1, 2024, such that, based on the docket entry, the filing was on June 1, 2024 rather than May 31, 2024, the due date. *See id.,* ¶ 20.

19. Counsel still has no understanding of why my repeated pre-midnight attempts at filing, using the specific Objection to Report and Recommendation choice failed. Reports and recommendations are prepared by magistrate judges. *See id.,* ¶ 21.

20. Nor does Counsel I understand why the generic Objection choice worked. *See id.,* ¶ 22.

21. In any event, the Objection was ready to file and multiple attempts were made to file it on the due date of May 31, 2024, only to be stymied by the CM/ECF system itself. *See id.,* ¶ 23.

22. As far as Counsel has been able to tell, nothing in the ECF Procedures Manual (Sept. 2023) contains any clue as to why Objections offered for filing under Objection to Report and Recommendation would ever be stymied. *See id.,* ¶ 24.

## ARGUMENT

Because Counsel repeated attempts to file the Objection timely, under the CM/ECF system's pulldown choice of "Objection to Report and Recommendations," the Objection was not filed timely on May 31, 2024 and its actual filing date and time on the docket show it filed at 00:03 a.m. on June 1, 2024, scant minutes after the due date ended. Plaintiff now requests that the Court accept the three-minute late filing.

The United States Supreme Court has made clear that:

> Rule 6(b) sets out the proper approach in the case of late filings:
>
> "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."

> ***This provision not only specifically confers the "discretion" relevant to the present issue, but also provides the mechanism by which that discretion is to be invoked and exercised.*** First, any extension of a time limitation must be "for cause shown." Second, although extensions before expiration of the time period may be "with or without motion or notice," any postdeadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect."

*Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 895-97, 110 S. Ct. 3177, 3192-93, 111 L. Ed. 2d 695, 720-21 (1990) (emphasis added). The sole exceptions to the discretion conferred under rule 6(b) are expressly set out in rule 6(b)(2): "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." *Id.*

Here, none of rules "50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)" are pertinent. Instead, the 14-day deadline at issue is established by rule 72(a). *See id.* The question concerning whether the Court may exercise that discretion and accept the three-minute late filing, is whether such time lapse was the product of excusable neglect. The United States Supreme Court has provided guidance as to the flexibility of the term "excusable neglect:"

> It is not surprising, then, that in applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.
>
> The "excusable neglect" standard for allowing late filings is also used elsewhere in the Federal Rules of Civil Procedure. When a party should have asserted a counterclaim but did not, Rule 13(f) permits the counterclaim to be set up by amendment where the omission is due to "oversight, inadvertence, or excusable neglect, or when justice requires." In the context of such a provision, it is difficult indeed to imagine that "excusable neglect" was intended to be limited as petitioner insists it should be.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 391-92, 113 S. Ct. 1489, 1496-97, 123 L. Ed. 2d 74, 87-88 (1993) (footnotes omitted). "[T]he determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding

6

the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.,* at 395.

Here, there is no prejudice to defendant in a filing that is three minutes late. The delay, three minutes, is not lengthy. There is no impact on the judicial proceedings by a three-minute delay. The reason for the delay, as explained in the facts, is that the CM/ECF system refused to accept a filing, repeatedly attempted before the deadline expired, for reasons still unknown to counsel and not raised the ECF Procedures Manual. Indeed, while the switch to the general and broad objection, only, option worked, there is no discernable reason to believe that the two options would result in two different results. That is an issue beyond Counsel's reasonable control. Finally, there is no question that Plaintiff acted in good faith, because he was trying vigorously to meet the rule's deadline and, once the broad selection was tried, the Objection was filed, albeit three minutes tardy.

Other Courts have found similar circumstances to support findings of excusable neglect:

> Defendants make a sufficient showing of good cause and excusable neglect for filing their initial motion after the deadline. The electronic time stamp for the initial motion shows Defendants filed the motion only three minutes after midnight on Saturday, April 1, 2023, meaning the document was filed only a few minutes after the deadline. Counsel's representations about technical difficulties are a sufficient showing of good cause, given the short nature of the delay. Further, Defendants show excusable neglect because of the short length of delay, the lack of prejudice the short delay causes Plaintiffs, and Defendants' plausible explanation for the delay.

*Frazier v. Se. Ga. Health Sys.,* No. 2:21-cv-21, 2023 U.S. Dist. LEXIS 108180, at *9 (S.D. Ga. June 22, 2023) (unpublished). *Accord Boggess v. Tex. Mut. Ins. Co.,* Civil Action No. 3:06-CV-

7

2312-BH (L), 2007 U.S. Dist. LEXIS 22062, at *6 (N.D. Tex. Mar. 12, 2007four-minutehed) (no prejudice from four minute tardiness, no perceptible impact on judicial proceedings where, either way, Court would not see filing, if timely or four minutes tardy, until Monday and no bad faith constitutes showing of excusable neglect).

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and accept Plaintiff's filing (ECF No. 26).

Dated: June 3, 2024.

Respectfully submitted,

**PETERS | SCOFIELD**
*A Professional Corporation*


/s/ David W. Scofield
DAVID W. SCOFIELD

**HEDIN LLP**
Frank S. Hedin (Pro Hac Vice Application Forthcoming)
*Counsel for Plaintiffs and the Putative Class*

8

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that he caused the foregoing **MOTION TO ACCEPT PLAINITFF'S THREE-MINUTE OUT-OF-TIME FILING OF OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** to be filed with the Court through its CM/ECF system, this 3rd day of June, 2024, which will serve copies hereof electronically on the following counsel registered for CM/ECF notification:

     Phillip S. Ferguson—Phillip.ferguson@chrisjen.com

     Cassie D. Collignon – ccollignon@bakerlaw.com

     Robyn Feldstein – rfeldstein@bakerlaw.com

                                     /s/ David W. Scofield